IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JENNIFER L. BOREN, | ) CIVIL ACTION NO. 9:11-0520-TLW-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] in August 2006, alleging disability as of October 1, 2004 due to diabetes and mental illness. (R.pp. 114-124, 155-156). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on December 3, 2008. (R.pp. 28-60). The ALJ thereafter denied Plaintiff's claims in a

---

[1]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].



decision issued September 1, 2009. (R.pp. 8-27). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-5).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial

2



proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-two (42) years old when she alleges she became disabled, has a high school education with past relevant work experience as a licensed practical nurse. (R.pp. 34, 156, 161). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[2] of depressive disorder, history of bipolar disorder, schizoaffective disorder and attention deficit hyperactivity disorder (ADHD), obesity, diabetes mellitus, and degenerative disc disease, rendering her unable to perform her past relevant work, she nevertheless retained the residual functional capacity (RFC) to perform a restricted range of light work,[3] and was therefore not entitled to disability benefits. (R.pp. 13-14, 16, 25-26).

Plaintiff asserts that in reaching the decision, the ALJ erred by failing to properly

---

[2] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).



evaluate the opinions and findings of Plaintiff's treating physician, Dr. John Roberts. Plaintiff also argues that the Appeals Counsel committed reversible error by not properly considering new and material evidence submitted by the Plaintiff as part of her appeal, thereby justifying a remand of the case for consideration of this new evidence. However, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed.

## I.

### (Consideration of Treating Physician Opinion)

Dr. Roberts is a psychiatrist at the Medical University of South Carolina's Institute of Psychiatry. He was Plaintiff's treating psychiatrist from May 9, 2005 through February 16, 2007. (R.pp. 228-231, 261). Dr. Roberts diagnosed Plaintiff with bipolar affective disorder, schizoaffective disorder, ADHD, major depressive disorder with psychosis, and paranoia. (R.pp. 224, 226, 231). However, it is undisputed that Plaintiff had a long history of mental illness, dating back to at least October 2000 when she was hospitalized at the MUSC Institute of Psychiatry after experiencing psychosis and paranoia. Plaintiff has been suffering from bipolar disorder since at least that time. (R.pp. 310-312). Notwithstanding this mental illness and diagnosis, however, it is undisputed that Plaintiff continued to work as a licensed practical nurse until October 1, 2004. (R.p. 13). Therefore, to be entitled to disability benefits, Plaintiff must show that her condition had significantly worsened from what it was when she was still working. Orrick v Sullivan, 966 F.2d 368, 370 (8th Cir. 1992) [absent showing of significant worsening of condition, ability to work with impairment detracts from finding of disability]; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ["[A] psychological



disorder is not necessarily disabling. There must be a showing of related functional loss"]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations].

Plaintiff's medical report from her October 2000 hospitalization reflects that she was committed secondary to psychotic symptoms, including delusions and paranoia, but that after treatment she showed steady improvement, and by the time of her discharge a few days later she was stable on medication with no suicidal or homicidal ideations or other dangerous intent. (R.pp. 311-312). When Dr. Roberts first saw the Plaintiff on May 9, 2005, she denied that she was suffering from depression or anxiety, and advised that she slept well. (R.p. 228). Plaintiff was prescribed medications, and on August 8, 2005, Dr. Roberts reported "decreased delusions" and that Plaintiff had avoided hospitalization after her husband had reported increased bizarre behavior, including emotional outbursts and exhibiting paranoia. This report also indicates some concern by Dr. Roberts that Plaintiff was possibly abusing Adderall. (R.p. 227). On January 5, 2006, Plaintiff reported to Dr. Roberts that she was sleeping well and denied having any delusions. (R.p. 226). On April 3, 2006, Plaintiff reported that she was unemployed and had been depressed for a few days, but that that had "resolved". The entry on the line under that notation is unintelligible. (R.p. 225). On September 12, 2006, Dr. Roberts reported Plaintiff was complaining of depression and that she had applied for disability, but Plaintiff denied any delusions or mania. (R.p. 224). On October 17, 2006, Dr. Roberts reported that Plaintiff had some complaints (notes are unintelligible) but denied any depression. (R.p. 223).

On October 31, 2006, Dr. Roberts completed a disability questionnaire in which he opined that Plaintiff's limitation in function due to a mental condition resulted in poor



5

attention/concentration and memory, a flat and depressed mood/affect, paranoid thought content, and a slowed and distractable thought process. (R.p. 231). Thereafter, on February 16, 2007 (which was apparently the last time Plaintiff ever saw Dr. Roberts), Dr. Roberts reported that Plaintiff was off all of her medications, was abusing her stimulants, and was suffering from depression. The rest of this office note is largely unintelligible. (R.p. 261).

In addition to Dr. Roberts' medical records, the ALJ also reviewed the findings of state agency physician Dr. Jeffery Vidic, who opined on August 22, 2007 after a review of Plaintiff's medical records that Plaintiff's mental impairment caused only a mild limitation in her activities of daily living, moderate difficulty in maintaining social functioning and in maintaining concentration, persistence or pace, with no episodes of decompensation. (R.p. 285). Dr. Vidic further noted that, in giving Plaintiff's mental impairment a "severe" rating, he was giving her the "[b]enefit of [the] doubt". (R.p. 287). See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner].

Plaintiff also underwent a mental status examination on July 12, 2007 by Dr. Amy Rhodes, a licensed clinical psychologist. Dr. Rhodes reported that, upon arrival, Plaintiff was appropriately dressed, neatly groomed, had an easy rapport, and maintained adequate eye contact. Plaintiff was also sociable and outgoing, and sustained adequate attention and concentration throughout the interview. (R.p. 271). Plaintiff advised that she had never attended frequent or intense counseling for her problems, reviewed her medical history, and advised that she lived with her husband and two daughters. Dr. Rhodes reported that Plaintiff cried frequently throughout the interview and complained that her memory was "bad", but found no evidence of hallucinations,



delusions, or other perceptual disturbances. Dr. Rhodes diagnosed Plaintiff with depressive disorder, as well as cocaine, marijuana and alcohol abuse by history, and assigned her a GAF of 70.[4] Dr. Rhodes concluded by noting that Plaintiff stated her life circumstances had been overwhelming for her, rendering her unable to work, but opined that Plaintiff might be "malingering" as she was "currently not in counseling and she had never attended frequent or intense counseling for her life problems". (R.p. 272-274). Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability].

The ALJ reviewed this evidence as well as Plaintiff's testimony as to the extent of her limitations and determined that Plaintiff's mental impairment caused a mild restriction in her activities of daily living, moderate difficulties in her social functioning and with respect to concentration, persistence or pace, with no episodes of decompensation. (R.pp. 14-15). In making these findings the ALJ generally concurred with the psychological assessment of the state agency medical consultant that Plaintiff had no more than mild to moderate mental limitations, as well as Dr. Rhodes' findings that Plaintiff possessed adequate concentration and attention and had a GAF score indicating only mild symptoms or some difficulty in social, occupational or school functioning. (R.pp. 23, 25). Indeed, the ALJ gave Dr. Rhodes' assessment "great weight", noting that it was consistent with the Plaintiff's daily activities, which included getting her daughter up and ready and driving her to school; performing household chores such as doing laundry, cooking supper for the family, washing dishes, shopping, cleaning and vacuuming; as well as that she shopped, sometimes

---

[4]Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient. Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 (9th Cir. 1999). A GAF score of 70 indicates only some mild symptoms to be present. Simons v. Barnhart, No. 04-5021, 2004 WL 2633448, at **2 (4th Cir. Nov. 18, 2004).



attended movies, and read the newspaper. (R.pp. 17-18, 23-24, 34-35, 51-52, 169). Richardson, 402 U.S. at 408 [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability]; Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) [A mental impairment diagnosis is insufficient, standing alone, to establish entitlement to benefits.].

With respect to the records from Dr. Roberts, the ALJ noted that in his statement of November 2006, Dr. Roberts did not state that Plaintiff was disabled due to her mental limitations. The ALJ also noted that much of the medical record shows that Plaintiff was often non-compliant with her medications, but that her condition dramatically improved when she was compliant and abstinent from substance abuse. (R.p. 23). The ALJ further noted Dr. Roberts' medical notes and findings where Plaintiff denied symptoms of depression, stated that she slept well, that there was a question as to whether Plaintiff was abusing her medications, that she had advised another physician (Dr. Franklin Fetter) in February 2007 that she was no longer taking medications prescribed by Dr. Roberts, and that she had no plans to return to him. (R.pp. 18-20).

The undersigned can find no reversible error in the ALJ's assessment and treatment of Dr. Roberts' opinion and medical records in conjunction with the other medical evidence of record concerning Plaintiff's mental condition as well as Plaintiff's own testimony. Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]. The ALJ's overall findings and conclusions with respect to Plaintiff's mental condition and the appropriate limitations resulting from that



condition are supported by substantial evidence in the record, as noted, and the ALJ adequately explained how and why she reached the conclusions that she did. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Thomas, 331 F.2d at 543 [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]; see also Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints].

Further, the ALJ adequately addressed whether Plaintiff could work with these limitations by restricting her to work where she would never interact with the public and only occasionally interact with supervisors and coworkers; performing simple, routine, repetitive tasks consistent with the functions of unskilled work. (R.p. 16, 54-57). Cf. Hyser v. Astrue, No. 11-102, 2012 WL 951468 at * 6 (N.D.Ind. Mar. 20, 2012)[Finding limitation to jobs "involving only occasional contact with public and co-workers" accounted for moderate social functioning]; Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [By restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; Smith-Felder v. Commissioner, 103 F.Supp.2d 1011, 1014 (E.D.Mich. June 26, 2000) [hypothetical question including work involving only a mild amount of stress and only "simple one, two, or three step operations" properly comports with findings of ALJ



as to plaintiff's moderate limitations in concentration, social functioning, and tolerance of stress]. Therefore, this claim is without merit.

## II.

### (Consideration of New Evidence Submitted to Appeals Counsel)

Following the issuance of the ALJ's decision, Plaintiff submitted additional evidence from the Franklin C. Fetter Family Health Center which had not been submitted to the ALJ. (R.pp. 323-327). Plaintiff had received her primary medical care from the Fetter Family Health Center for various complaints. (R.pp. 218-221, 262-270). The records from these visits are handwritten and largely unintelligible, but reflect various complaints, including nausea, problems with eyesight, treatment for diabetes, obtaining pap smears, ear pain, and nicotine addiction. The ALJ considered these records in her decision, noting where Plaintiff had been diagnosed with diabetes and elevated blood pressure, her complaints of vision changes and nausea, severe ear pain and poor balance, and other complaints. (R.pp. 19-20). The ALJ further noted that Plaintiff did not ask "Dr. Fetter" to prescribe any psychotropic medications, and that Dr. Fetter had not diagnosed any mental impairment. (R.pp. 23, 262-270). Rather, these records noted only diet and home glucose monitoring were prescribed for Plaintiff's diabetes, that she reported full daily activities in September 2006, that she had no complaints on several office visits, and that on examination for complaints of ear pain, poor balance and nausea everything was normal except for otitis media.[5] The ALJ further noted that these reports indicated Plaintiff continued to engage in a wide arrange of daily activities despite her complaints of pain and fatigue, and that she was not taking medication for her alleged pain or for complaints of fibromyalgia. (R.pp. 218-221, 262-270).

---

[5]Otitis media is an ear infection of the middle ear, the area just behind the eardrum. http://www.umm.edu/altmed/articles/otitis-media-000121.htm, October 10, 2011.



The new material Plaintiff provided to the Appeals Counsel were additional progress notes from March through September 2009, as well as a prescription pad from July 2, 2010 noting Plaintiff's multiple medical problems, that she is deaf in her right ear and needs evaluation for problems with her left ear, and stating that Plaintiff is "currently unable to work". (R.pp. 323-327). The Appeals Counsel considered this evidence, but rejected it, stating that: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Counsel. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R.pp. 1-2). No further discussion or analysis was provided, nor was any explanation given as to why this new evidence was rejected, and Plaintiff argues that the Appeals Counsel's failure to provide any analysis or discussion as to why this new and material evidence was rejected constitutes reversible error. The undersigned does not agree.

Prior to the decision in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the greater weight of authority favored remand where the Appeals Counsel failed to give a detailed explanation of why evidence was rejected. Cf. Hollar v. Commissioner of the Social Security Administration, No. 98-2748, 1999 WL 753999, at **1 (4th Cir. Sept. 23, 1999), citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992) and 20 C.F.R. § 404.970(b) (1999); see also Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ["A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court...."]; Roberts v. Astrue, No. 10-867, 2001 WL 1356776 at * * 1-3 (D.S.C. Apr. 11, 2011)[remanding where Appeals Council failed to articulate any reasons for rejecting new evidence]; Suber v. Commissioner, 640 F.Supp. 684, 687-688 (D.S.C. 2009)[remanding where appeals council failed to articulate reasons for rejecting evidence]; Thomas v. Commissioner, 24 Fed. Appx. 158, 162 (4th Cir. Dec. 17, 2001)(quoting Riley v. Apfel, 88



F.Supp.2d 572, 579-580 (W.D.Va. 2000)["When this court is left in the dark as to how the Appeals Council treated the new evidenced a meaningful judicial review is impossible."]; Belue v. Astrue, No. 09-942, 2010 WL 3734714 at * 3 (D.S.C. Sept. 20, 2010)[remanding for specific findings from appeals council]; Wheelock v. Astrue, 07-3786, 2009 WL 250031 at * 9 (D.S.C. Feb. 3, 2009)[remanding because Appeals Council failed to articulate reasons for rejecting evidence]. However, in Meyer, the Fourth Circuit rejected the Plaintiff/Appellant's argument that Appeals Councils are required to articulate a rationale for denying a request for review, finding that the Appeals Council is required to make findings of fact and explain its reasoning only where it *grants* a request for review and issues its own decision on the merits. Meyer, 662 F.3d at 706. While the Meyer court additionally concluded that remand where the Appeals Counsel did not provide any findings is appropriate where the new evidence made it impossible to determine whether substantial evidence support the ALJ's initial denial of benefits, the lack of such additional fact finding did not render judicial review impossible where the record provided an adequate explanation of the Commissioner's decision. Meyer, 662 F.3d at 706-707.

    Here, Plaintiff contends that the new evidence presented to the Appeals Counsel addressed deficiencies the ALJ had found in the evidence, including evidence of anxiety, hearing loss and vertigo, and there is therefore a question whether the evidence would have changed the outcome. Cf. Wilkins v. Secretary of Health and Human Services, 952 F.2d 93, 96 (4th Cir. 1991)[Evidence should be considered where it is not "duplicative or cumulative" and there is a "reasonable possibility that it would have changed the outcome"]. However, the new evidence submitted in this case does not meet the standard of Myers and Wilkins. First, the prescription note which states Plaintiff's multiple medical problems, including with her ears, and concludes by stating



that Plaintiff "is currently unable to work", is dated almost a year *after* the ALJ's decision. (R.pp. 27, 327). There is nothing in this document to indicate how, or even if, it relates back to the period of alleged disability addressed by the ALJ in her decision. Bishop v. Astrue, No. 10-2714, 2012 WL 961775 at * 4 (D.S.C. Mar. 20, 2012)[Finding that new evidence was not material where physician's opinion did not address whether or not Plaintiff was disabled during the relevant time period], quoting Edwards v. Astrue, No. 07-48, 2008 WL 474128 at * 9 (W.D. Feb. 20, 2008)["The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision."]; see also Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005)[Holding that the opinion of a treating physician rendered nine months after the claimant's date last insured was irrelevant]. Further, the conclusory statement that Plaintiff is "currently unable to work" is not a basis for remand, as that is not a decision to be made by a medical provider. see Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) [physician opinion that a claimant is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"]; 20 C.F.R. § 404.1527(e) ["a statement that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"].

Additionally, a review of the office notes submitted to the Appeals Counsel; (R.pp. 323-326); fails to reveal any additional diagnosis or medical findings that were not already considered by the ALJ. A complaint of fibromyalgia had already been a part of the previous office notes considered by the ALJ, as had complaints of ear pain and vertigo. (R.pp. 14, 17, 189, 290-291). As such, this additional information was at best cumulative, and is not a basis for reversal of the decision. Meyer, 662 F.3d at 706 [No additional fact finding required "as long as the record



provides 'an adequate explanation of [the Commissioner's] decision'"], quoting <u>DeLoatch v. Heckler</u>, 715 F2d 148, 150 (4th Cir. 1983).

## **Conclusion**

Substantial evidence is defined as "... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." <u>Shively v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. <u>Blalock</u>, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 22, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

